Elizabeth E. Howard, OSB No. 012951
E-Mail: ehoward@dunncarney.com
Dominic M. Carollo, OSB No. 093057
E-Mail: dcarollo@dunncarney.com
Dunn Carney Allen Higgins & Tongue LLP
851 SW Sixth Avenue, Suite 1500
Portland, OR 97204
Telephone: (503) 224-6440
Facsimile: (503) 224-7324

Caroline Lobdell, OSB No. 021236
E-Mail: clobdell@wrlegal.org
Western Resources Legal Center
5100 SW Macadam Avenue, Suite 350
Portland, OR 97239
Telephone: (503) 222-0628
Facsimile: (503) 222-3255

Attorneys for Plaintiffs Loren Stout and Piper Stout

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

Portland Division

| | |
|---|---|
| LOREN STOUT and PIPER STOUT,<br><br>        Plaintiffs,<br><br>    v.<br><br>U.S. FOREST SERVICE and U.S. FISH AND WILDLIFE SERVICE,<br><br>        Defendants. | No. CV 09-152-HA<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' BRIEF TO SHOW CAUSE** |

Plaintiffs Loren and Piper Stout submit this response to the Defendants' brief to show cause. Plaintiffs filed a partial motion for summary judgment, and sought an expedited ruling on the claims addressed in the motion because the harms alleged in the complaint would have been most effectively remedied with a decision earlier this year. Specifically, plaintiffs sought to have a decision rendered on their motion early in the year so that the Forest Service and U.S. Fish and

Wildlife Service could consult on the effects of wild horses and elk on Middle Columbia River steelhead (hereafter "steelhead") and critical habitat within the Murderers Creek Allotment at the same time the Forest Service engaged in a consultation process for livestock grazing on this allotment. *See* Plaintiffs' Memo in Support at 3. Further, plaintiffs sought to have the consultation process resolved prior to the grazing season so that the agencies could implement any reasonable and prudent measures deemed necessary by the National Marine Fisheries Service to reduce impacts from wild horses or elk and allow grazing to occur at a level closer to that contemplated in the grazing permit held by the Stouts. *Id.* at 3-4. While the opportunity for completing the consultation before the grazing season begins has now passed, the opportunity to conduct these consultations in concert with the grazing consultation has not. According to recent filings by the Defendants in *ONDA v. Tidwell*, Case No. 07-1871-HA, the Forest Service intends to complete draft biological assessments on at least a portion of the Malheur National Forest allotments being grazed this summer by April 1, 2011. It is plaintiffs' understanding, based on conversations with counsel for the Forest Service, that the draft grazing biological assessment for the Murderers Creek Allotment is scheduled to meet this deadline.

Plaintiffs' response to defendants' brief to show cause is framed in light of these factors and plaintiffs' concern that further delay of this Court's consideration of Plaintiffs' motion will mean that the Forest Service completes the first phase of its consultation on livestock grazing before defendants even begin to consider the impacts of elk and wild horses on the same ground covered by the Stouts' grazing permit.

On Monday, February 14, 2011, this Court indicated that it would take plaintiffs' partial summary judgment motion under advisement as of February 25, 2011. The order indicates that the Court will issue a decision on plaintiffs' motion upon receipt of plaintiffs' reply, and without further briefing from defendants.

In their show cause brief, defendants indicate that they wish to file a reply to their cross-motion for summary judgment. Their cross-motion was filed in place of a response, however, at no time in defendants' multiple requests for extensions of time did they indicate an intent to file a cross-motion for summary judgment and a reply thereto, as opposed to a single response to plaintiffs' partial motion for summary judgment. And, plaintiffs' counsel does not recall having a discussion with defendants' counsel that such was their intent until after this Court entered its show cause order. *See* Dkt. #s 41, 42, 45, 46, 49, 50, 51, 52, 53, 54. Further, the federal rules of civil procedure certainly deem a single response, as opposed to a cross-motion and reply, to be an adequate basis to provide a party with the opportunity to address a summary judgment motion. *See* FRCP 56. Under the circumstances, plaintiffs submit that treating defendants' cross-motion as a response or striking their reply in support of their cross-motion would be an appropriate sanction in this case[1].

Notwithstanding the above, Plaintiffs wish to note that they would not oppose Defendants' request for a significantly reduced reply period if this Court determined that it could render a decision within a timeframe that allows the agencies to prepare biological assessments on elk and wild horses prior to the Forest Service's April 1st deadline for completing the draft grazing biological assessments, notwithstanding the receipt of further briefing from defendants.

---

[1] Plaintiffs intend to submit only one additional brief concerning these claims, on February 25, 2011.

Page 3     **PLAINTIFFS' RESPONSE TO DEFENDANTS' BRIEF TO SHOW CAUSE**
DCAPDX_n657146_v1

Plaintiffs estimate this would require a ruling from the Court no later than March 2, 2011—giving defendants 30 days to prepare their respective biological assessments.

Dated this 17th day of February, 2011.

DUNN CARNEY ALLEN HIGGINS & TONGUE LLP

/s/ *Elizabeth E. Howard*
Elizabeth E. Howard, OSB No. 012951
Email: ehoward@dunncarney.com
Dominic M. Carollo, OSB No. 093057
Email: dcarollo@dunncarney.com
Of Attorneys for Plaintiffs

WESTERN RESOURCES LEGAL CENTER

/s/ *Caroline Lobdell*
Caroline Lobdell, OSB No. 021236
E-Mail: clobdell@wrlegal.org
Of Attorneys for Plaintiffs